IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SELMA DIVISION

| | |
|---|---|
| LB SMITH III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 2:25-cv-00076 |
| | ) |
| CITY OF UNIONTOWN and | ) JURY TRIAL DEMANDED |
| OFFICER MARZELL SMITH, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW,** the Plaintiff, LB Smith III, by and through undersigned counsel, and alleges the following:

## PARTIES

1. **Plaintiff LB Smith, III ("Plaintiff" or "Mr. Smith")** is at least nineteen (19) years of age and is a resident of the State of Mississippi.

2. **Defendant City of Uniontown ("Defendant City")** is a municipality of the State of Alabama, which oversees the Uniontown Police Department and its officers. Defendant Smith referenced herein was employed by the City of Uniontown and was acting as an agent for the City of Uniontown while engaged in the unlawful conduct that forms the basis of this Complaint. Defendant City of Uniontown

1

is/was responsible for the policies and practices of the Uniontown Police Department that were carried out by Defendant Smith in this case.

3. **Defendant Officer Marzell Smith ("Defendant Smith")** is at least nineteen (19) years of age and is a resident of the State of Alabama. At all times relevant to this action, Officer Smith was employed as a Police Officer by the City of Uniontown, acted under the color of law, and acted within the scope of his employment.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1988(a), as this action seeks redress for the violation of Plaintiff's rights guaranteed by the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same case or controversy and are so related to Plaintiff's 42 U.S.C. § 1983 claims.

6. Venue is proper in the Southern District of Alabama, pursuant to 28 U.S.C. § 1391(b)(2), as the incident giving rise to this action occurred within this Court's judicial district.

## FACTUAL ALLEGATIONS

7. On or around March 25, 2023, Plaintiff operated a 2007 Freight tractor/trailer in Uniontown, Alabama.

8. As he was driving, Plaintiff was pulled over by Defendant Smith for allegedly speeding.

9. Once Defendant Smith approached Plaintiff's vehicle, Plaintiff produced all relevant documentation and identification.

10. He also informed Defendant Smith that he was in possession of two lawfully owned firearms and the accompanying ammunition clips.

11. Defendant Smith incorrectly informed Plaintiff that it was illegal to carry firearms inside of a commercial vehicle. On this belief, Defendant Smith instructed Plaintiff to exit the vehicle.

12. Defendant Smith opened the vehicle door and confiscated the two firearms and ammunition. Defendant Smith demanded Plaintiff exit his vehicle and instructed Plaintiff that he was not allowed to leave the scene until he confiscated the weapons.

13. Growing reasonably fearful of the encounter, Plaintiff began recording Defendant Smith. In turn, Defendant Smith became irate and threatened Plaintiff by stating: "If you video anything I'm doing, I'm gonna put you in jail." In response to Defendant Smith's threats, Plaintiff stopped filming the encounter.

14. Defendant Smith wrote Plaintiff a speeding ticket and confiscated both of Plaintiff's legally owed firearms and the accompanying ammunition.

15. The entire traffic stop was much longer than what was legally necessary to issue Plaintiff a speeding ticket.

16. Approximately three days after the incident, Defendant Smith contacted Plaintiff and informed him that he was incorrect in his interpretation of the law.

17. Defendant Smith informed Plaintiff that it was not illegal to possess firearms in a commercial vehicle and that Plaintiff could collect his firearms from the City of Uniontown's Police Department.

18. When Plaintiff went to the Police Department to retrieve his property, and upon information and belief, another employee commented that Defendant Smith had frequent complaints about actions he committed on duty.

19. As a direct and proximate result of Defendant Smith's actions, Plaintiff suffered loss of liberty, was deprived of his lawfully owned firearms, and incurred costs associated with traveling to retrieve them from Uniontown, mental anguish, humiliation, and degradation.

## CAUSES OF ACTION

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 – UNREASONABLE SEIZURE

20. Plaintiff hereby adopts and re-alleges paragraphs 1, 3-4, 7-15, and 19 of this Complaint as if fully set forth herein.

21. This Count applies to Defendant Smith.

22. On March 25, 2023, Defendant Smith violated Plaintiff's constitutional right to be free from unreasonable searches and seizures when he subjected him to a prolonged traffic stop without legal justification.

23. Furthermore, based on Defendant Smith's own misinterpretation of the law, he forced Plaintiff to exit his vehicle and confiscated Plaintiff's lawfully owned firearms and ammunition.

24. Defendant Smith confiscated Plaintiff's firearms and ammunition and only issued him a speeding ticket.

25. The stop was much longer than what was necessary to issue Plaintiff a speeding ticket.[1]

26. Defendant's actions were objectively unreasonable in light of the circumstances and constituted a deprivation of Plaintiff's constitutional rights.

---

[1] "The *duration* of the traffic stop must be limited to the time necessary to effectuate the purpose of the stop." *United States v. Ramirez-Rivera*, 2023 U.S. App. LEXIS 10325 *1, *3 (11th Cir. Apr. 27, 2023) (quoting *United States v. Holt*, 777 F.3d 1234, 1256 (11th Cir. 2015)). "Generally, a traffic stop may not last any longer than what is necessary to process the traffic violation." *Id.* An officer who initiates a stop "exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Id.* at *4 (quoting *Rodriguez v. United States*, 575 U.S. 348, 350, 135 S.Ct. 1609, 191 L.Ed 2d 492 (2015)).

27. As a result of Defendant's actions, Plaintiff suffered loss of liberty, was deprived of his lawfully owned firearms, and incurred costs associated with traveling to retrieve them from Uniontown, mental anguish, humiliation, and degradation.

## STATE CLAIMS

## COUNT II: MUNICIPAL LIABILITY

28. Plaintiff hereby adopts and re-alleges paragraphs 1-2 and 4-19 of this Complaint as if fully set forth herein.

29. This Count applies to Defendant City.

30. On March 25, 2024, Defendant Smith, as an agent, employee, and/or officer of Defendant City, carried out his job duties in a neglectful, unskillful, and/or careless manner.

31. As alleged more fully above, Defendant Smith negligently, unskillfully, and carelessly seized Plaintiff and his legally owned firearms and ammunition after a minor traffic violation based on a mistaken interpretation of the law.

32. Moreover, upon information and belief, Defendant Smith had a history of complaints about the actions he committed on duty.

33. As a result of Defendant Smith's actions, as an agent, employee, and/or officer of Defendant City, Plaintiff suffered loss of liberty, was deprived of his lawfully owned firearms, and incurred costs associated with traveling to retrieve them from Uniontown, mental anguish, humiliation, and degradation.

## COUNT III: NEGLIGENCE

34. Plaintiff hereby adopts and re-alleges paragraphs 1 and 3-19 of this Complaint as if fully set forth herein.

35. This Count applies to Defendant Smith.

36. Defendant Smith, in his capacity as a City of Uniontown Police Officer, owed Plaintiff a duty to know, understand, and enforce the laws of the State of Alabama. He further owed Plaintiff a duty to ensure that traffic stops were no longer than what was necessary for the purpose of the stop.

37. On March 25, 2023, Defendant Smith breached his duty of care when he erroneously interpreted the law and confiscated Plaintiff's lawfully owned firearms and ammunition.

38. Defendant Smith further breached his duty of care by effectuating a prolonged traffic stop based on his erroneous interpretation of the law.

39. As a result of Defendant's negligence, Plaintiff suffered loss of liberty, was deprived of his lawfully owned firearms, and incurred costs associated with traveling to retrieve them from Uniontown, mental anguish, humiliation, and degradation.

## COUNT IV: TRESPASS TO CHATTEL

40. Plaintiff hereby adopts and re-alleges paragraphs 1, 3-12, 14, 16-17, and 19 of this Complaint as if fully set forth herein.

41. This Count applies to Defendant Smith.

42. On March 25, 2023, Defendant Smith interfered with Plaintiff's possessory rights to his firearms and ammunition when he confiscated them during a minor traffic stop without legal justification.

43. As a result, Plaintiff was deprived of his possessory interest in his lawfully owned firearms and ammunition for approximately three days.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants, jointly and severally, for the following relief:

a. Compensatory damages for loss of liberty, deprivation of his lawfully owned firearms, incurred costs associated with traveling to retrieve them from Uniontown, mental anguish, humiliation, and degradation.

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorney's fees and costs pursuant to 42 U.S.C § 1988;

d. Litigation expenses, costs, and pre-judgment and post-judgment interest at the maximum daily interest rate allowable by law; and

e. All other and further monetary and/or equitable relief as this Honorable Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Submitted on this 27th day of February 2025.

*/s/ Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
Kristen E. Gochett
*Attorneys for Plaintiff*

**OF COUNSEL:**
**Maxwell & Tillman**
1820 3rd Avenue North, Suite 300
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
Email: maxwell@mxlawfirm.com
Email: kgochett@mxlawfirm.com

## **DEFENDANTS SERVED VIA CERTIFIED MAIL.**

**City of Uniontown**
*Served via certified mail*

**Officer Marzell Smith**
*Served via certified mail*

*/s/ Leroy Maxwell, Jr.*
OF COUNSEL
